IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO BADILLO LOPEZ, § | | |
| # 50298-177, § | | |
| Movant, § | | |
| § | | |
| v. § | No. 3:18-CV-696-M-BT | |
| § | (No. 3:15-CR-432-M-6) | |
| UNITED STATES OF AMERICA § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Movant Gerardo Badillo Lopez, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred this resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Movant's Section 2255 motion without prejudice as premature.

### I.   BACKGROUND

Movant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, and the Court sentenced him to 192 months' imprisonment. *See United States v. Lopez*, No. 3:15-cr-432-M (6) (N.D. Tex.), Dkt. No. 1036. Movant subsequently filed a direct appeal, which remains pending before the United States Court of Appeals for the Fifth Circuit. *See United States v. Gerardo Lopez*, No. 17-10623 (5th Cir.). Although his direct appeal is still pending,

Movant now seeks to challenge his criminal judgment under Section 2255. *See* Dkt. Nos. 2 & 3.

## II.  LEGAL STANDARDS AND ANALYSIS

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998); *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). Section 2255 motions that are filed during the pendency of a direct appeal are "not entitled to consideration on the merits," *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972), because the "disposition of the appeal may render the motion moot." *United States v. Fantozzi*, 90 F. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968)).

Where, as here, the movant seeks Section 2255 relief while his direct appeal is pending, the Court should decline to address the Section 2255 motion and dismiss the action without prejudice. *See Bernegger*, 661 F.3d at 241 ("The District Court correctly determined that Bernegger's habeas corpus petition was not ripe for review"); *see also, e.g.*, *Cruz v. United States*, 2013 WL 459932, at * 1 (N.D. Tex. Jan. 16, 2013) (recommending that the defendant's Section 2255 motion be dismissed without prejudice because it was filed while his direct appeal remained pending), *rec. adopted* 2013 WL 462354 (N.D. Tex. Feb. 5,

2013).

## III. RECOMMENDATION

Because Movant's direct appeal remains pending, the Court should dismiss his Section 2255 motion without prejudice as premature.

SIGNED June 25, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).